UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 14-36-DLB-HAI

O.D. ROBERTSON, et al.                                                                       PLAINTIFFS

vs.                                    **MEMORANDUM ORDER**

WILLIAM A. HOLT, et al.                                                                      DEFENDANTS

******************

  This matter is before the Court upon Plaintiffs' Motion to Modify (Doc. # 24) the Court's Order of May 1, 2015 (Doc. # 23). In that Order, the Court noted that Plaintiffs missed the expert witness disclosure deadline by three months and failed to request an extension until Defendant Pro Logistics, Inc. moved to exclude their expert testimony.[1] Because Plaintiffs had "neither responded to Defendant's Motion in Limine nor offered good reasons for failure to comply with Court-imposed deadlines," the Court precluded them from relying upon retained and non-retained expert medical testimony. (*Id.*). The Court also precluded Plaintiffs from "introducing evidence or testimony regarding permanence of Plaintiffs' injuries or impairment of earning capacity." (*Id.*).

  Plaintiffs now argue that their treating physicians should be exempt from Federal Rule of Civil Procedure 26(a)(2)(B) because they are fact witnesses with personal knowledge of Plaintiffs' injuries, impairments and pain and suffering, rather than retained

---

1) The record reflects that Pro Logistics, Inc.'s named co-Defendant, William A. Holt, has not yet been served with a complaint and summons.

1

experts.[2] Plaintiffs therefore ask that the Court allow their treating physicians to testify at trial. Defendant opposes such relief, noting that Federal Rule of Civil Procedure 26(a)(2)(C) requires parties to disclose treating physicians who will offer expert opinions at trial.

Federal Rule of Civil Procedure 26(a)(2)(B) governs disclosure rules for witnesses retained specifically for the purpose of giving expert testimony at trial:

**(2)** ***Disclosure of Expert Testimony.***

. . .

**(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

   (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

   (ii)  the facts or data considered by the witness in forming them;

   (iii) any exhibits that will be used to summarize or support them;

   (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

---

2) Plaintiffs also note that they "did file a Motion and Order on April 2, 2015 to extend the time for expert witnesses which substantially complied with LR 7.1(b)."

LR 7.1(b) provides: "Absent an agreement, the party seeking the extension must file a motion setting forth the reasons the extension is sought and tender a proposed order." Courts may only grant an extension of a deadline on a motion "made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In their Motion, counsel for Plaintiffs stated that "through error in his office, expert witness disclosures were not prepared and filed." (Doc. # 20). This is not sufficient to satisfy the requirements of LR 7.1(b) or Fed. R. Civ. P. 6(b)(1)(B), as Magistrate Judge Ingram pointed out in his Order denying the Motion and striking it from the record. (Doc. # 22). To date, Plaintiffs have made no showing of excusable neglect.

>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>>
>> (vi) a statement of the compensation to be paid for the study and testimony of the case.

Because Plaintiffs' treating physicians were not retained for the purpose of giving expert testimony at trial, Plaintiffs are correct in stating that they were not subject to Rule 26(a)(2)(B). However, this does not end the Court's inquiry.

In 2010, Rule 26(a)(2) was amended to include the following section, which sets forth disclosure rules for non-retained witnesses giving expert testimony at trial:

> **(2)   *Disclosure of Expert Testimony.***
>
> . . .
>
> **(C)**   *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Stated another way, "treating physicians do not automatically have to be disclosed as experts under Rule 26(a)(2), [but] treating physicians and treating nurses 'must be designated as experts if they are to provide expert testimony' as defined in Federal Rule of Evidence 702 discussed above." *McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 933-34 (E.D. Ky. 2014) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004)); *see also Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 656 (E.D. Ky.

2013) (noting that a party's failure to disclose a proposed expert was not excused by "the fact that the proposed expert was a treating physician . . . because 2010 amendments to Rule 26(a)(2) clarified the rule to require the disclosure of any expert, whether retained exclusively for trial or not"). Thus, if the offering party fails to comply with Rule 26(a)(2)(C), the treating physician "will only be allowed to testify as a fact witness under Rule 26(a)(1), and, as such, will be limited to testifying as to the course of treatment and to what he directly observed while [the patient] was under his care." *Id.* at 934.

In their Answers to Interrogatories about expert testimony, Plaintiffs stated that their treating physicians may testify about the care and treatment they received. (Docs. # 25-1 and 25-2). This is permissible because Plaintiffs' treating physicians have direct personal knowledge of the care that they provided. However, Plaintiffs also indicated that their treating physicians may testify about their continued pain and suffering, the permanent nature of their impairments and the impact of their injuries on their ability to labor and earn money. (*Id.*). Because Plaintiffs' treating physicians could not testify about any of these issues without relying on their training, experience and expertise in the medical field, the Court finds that any such opinions would qualify as expert testimony. Therefore, Plaintiffs' failure to comply with Rule 26(a)(2)(C) precludes their treating physicians from testifying about these topics.

Although Plaintiffs' did not specifically mention the issue of causation in their Answers to Interrogatories, it also falls within the purview of expert testimony. *Blair*, 917 F. Supp. 2d at 657. Because "Kentucky law usually requires expert or medical testimony to establish that an incident legally caused a medical injury," and because Plaintiffs have not identified anyone else who could possibly fulfill such a role, the Court finds it prudent

to warn Plaintiffs that their treating physicians will not be permitted to testify about causation either.³  *Id.* (quoting *Lacefield v. LG Elec., Inc.*, No. 3:06-12-KKC, 2008 WL 544472, at *3 (E.D. Ky. Feb. 26, 2008)).  Accordingly, for reasons stated herein,

**IT IS ORDERED** that Plaintiffs' Motion to Modify Order (Doc. # 23) be, and is, hereby **DENIED**.  Plaintiffs' treating physicians are **prohibited** from offering any expert testimony about future pain and suffering, impairment of earning capacity and/or causation due to Plaintiffs' failure to comply with Rule 26(a)(2)(C).  However, Plaintiffs' treating physicians may testify solely as fact witnesses regarding treatment pursuant to Rule 26(a)(1).

This 1st day of July, 2015.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\London\2014\14-36 Robertson Order re Mtn to Modify.wpd

---

3) Plaintiffs originally filed this case in Pulaski County Circuit Court.  Defendant Pro Logistics, Inc. removed it to federal court on the basis of diversity jurisdiction.  Therefore, Kentucky law applies to the substance of Plaintiffs' claims.  *See Thompkins v. Erie R.R. Co.*, 305 U.S. 673 (1938).